## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Tiffany Brown | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Enhanced Recovery Company, LLC | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff is a natural person who resided in Chicago, Illinois at all times relevant to this action.

2. Defendant is a Florida limited liability company that maintained its principal place of business in Jacksonville, Florida at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation allegedly owed to Chase Bank, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. On or around March 1, 2010, Plaintiff retained an attorney to file bankruptcy.

13. On or around November 9, 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt.

14. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

15. During this communication, Plaintiff also notified Defendant that Plaintiff was represented by a bankruptcy attorney, provided her attorney's contact information, and requested that Defendant no longer contact her regarding the debt.

16. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt on numerous occasions throughout November and December, 2010.

17. During each of these communications, Plaintiff reiterated that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff, but Defendant ignored these notices and continued to call Plaintiff's place of employment.

18. Defendant caused Plaintiff emotional distress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

21. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

23. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

25. In support hereof, Plaintiff incorporates paragraphs 12-16 as if specifically stated herein.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

                Legal Helpers, P.C.

                By: */s/ Jeffrey S. Hyslip*
                     Jeffrey S. Hyslip
                     233 S. Wacker
                     Sears Tower, Suite 5150
                     Chicago, IL 60606
                     Telephone: 1.866.339.1156
                     jsh@legalhelpers.com
                     *Attorneys for Plaintiff*